LUCERO, Circuit Judge,
concurring.
I concur in the opinion of Judge Porfilio. When Judge Downes sentenced the appellant he said, “as for the direct criminal contempt, sir, it is the sentence of the Court that you be confined in a United States Bureau of Prisons facility to serve a term of ninety days for contempt” (emphasis added). I find no ambiguity, or “bleeding-through” of indirect criminal contempt considerations in that clear declaration of the trial court.
In the court’s written order of February 2, 2000, the ninety-day sentence is supported only upon the express findings that the appellant delayed the civil trial when he “refus[ed] to stand when addressing the Court” and that the appellant told the court “to hell with you.” Judge Downes did not rely on any other facts, nor did he enter any sentence for indirect criminal contempt. I believe it improvident to indulge the appellant’s invitation to speculate that the court did so.
Any reference by the trial court to the hearing on indirect criminal contempt is irrelevant because the court did not hold the defendant in contempt for indirect conduct and did not sentence him for such conduct.